IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1616

AGAZI ABAY,
GABRIEL THORN,
AMY SCHNEIDER, and
MICHAEL McDANIEL,
on behalf of themselves and other similarly situated individuals,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER
    Defendant.

## RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO MODIFY

Plaintiffs Agazi Abay, Gabriel Thorn, Amy Schneider, and Michael McDaniel, on behalf of themselves and a class of individuals similarly situated ("Class Members"), hereby file the following Response to Defendant's Emergency Motion to Modify [ECF No. 17] at state as follows:

**RESPONSE**

Pursuant to the Court's Minute Order [ECF No. 18], the Parties conferred via video conference at 4:45 p.m. on June 6, 2020. Per that conferral, Plaintiffs provide the following responses to Defendant's requests:

    **I.**    **Request to Change "Captain" to "Lieutenant"**

The Parties have conferred regarding Defendant's first request, which is to allow officers with the rank of Lieutenant – as opposed to that of Captain – to approve the use of chemical weapons or projectiles in response to specific acts of violence or destruction of property that the

command officer has personally witnessed.  *See* Motion at ¶ 4.  Based on the conferral, Plaintiffs do not oppose this request.  As part of the conferral, Defendant explained that there would be nine lieutenants on the ground at the demonstrations, each assigned to certain groups of officers.  These lieutenants would be made aware of the Court's TRO and their responsibility in light thereof in advance of being sent to the demonstrations.

**II.     Request to Allow Officers Not to Wear Body Worn Cameras**

Denver's second request is essentially two requests couched into one.  Beginning with the first, Denver has asked that officers who are providing support from other jurisdictions need not wear body worn cameras ("BWCs").  Notably, this is the first Plaintiffs are learning that any officers at the demonstrations were not wearing BWCs, in violation of Denver's policy requiring that all officers be equipped with such.  *See* Defendant's Exhibit A.  Plaintiffs would expect that <u>all</u> officers engaged in official, on-duty work within the City & County of Denver – including from outside jurisdictions – be required to wear BWCs to comply with the city's policy.

Plaintiff believes it is necessary to understand (1) from which jurisdictions are officers outside of Denver being deployed to the demonstrations and (2) which of those jurisdictions do not provide their officers with BWCs.  Undersigned counsel sent these questions to counsel for Defendant just past 12:30 p.m. on June 6, 2020.  Given the short time frame, Defendant was unable to obtain that information in advance of the parties' conferral.  However, during our conferral, Plaintiffs were made aware that Defendant may decrease or discontinue the use of officers from outside jurisdictions.  In the meantime, Plaintiffs' position is that all officers assisting in the demonstrations from outside jurisdictions be required to follow Denver's policy of wearing body worn cameras while on duty.[1]

---

[1] Notably, many outside jurisdictions require the use of BWCs, including cities like Aurora and Fort Collins.  We believe the burden would fall on Denver to explain why it would not be able to

### III. Request to Remove Requirement to Continuously Record Body Worn Cameras

Finally, Denver has requested that the Court not require its officers to continuously record with their BWCs. Upon conferral, Plaintiff understands that there is a newer model of BWC that would allow for recording up to 12 hours. However, the vast majority of BWCs available would only allow recording for 5-6 hours. After attempting to confer over several possible solutions, the Parties were not able to reach a compromise with respect to this portion of the Court's order. Here are Plaintiffs' proposed solutions:

1. Reassign all of the newer models of BWCs to officers deployed to the demonstrations and require they be recording continuously. As much as possible, these BWCs should be assigned to officers in different lieutenant groups.

2. For all other officers as broken down by lieutenant group, provide that these officers be placed on a continuous recording shift. For example, in a group with Officers Jones, Smith, and Doe, each officer must continuously record for two-hour shifts (ex: 10am-12pm, 12pm-2pm, 2pm-4pm). Of course, all officers would still be required to comply with the BWC policy, including if an adversarial interaction took place, however they would not need to keep their cameras on continuous record.

3. In the alternative to No. 2, for all officers using older BWCs, shorten their shifts at the demonstrations and rotate in officers coming from non-demonstration shifts in a manner that would allow for nearly continuous recording of police and demonstrator activity without fear of the battery running out.

Notably, Plaintiffs developed the first proposal after the conferral and thus cannot maintain to have conferred over it. For the second two proposals, Defendant has taken the

---

supply its outside staffing with BWCs or seek assistance solely from police departments that already equip their officers with such.

position that neither would be tenable. Defendant's position is that officers should already be using their BWCs in compliance with Denver's policy, however they could not confirm whether that has been the case.[2]

Respectfully submitted this 6th day of June 2020.

        Wolf Guevara LLP
        *s/ Laura B. Wolf*
        Laura B. Wolf
        John Michael Guevara
        1312 17th Street Ste 569
        Denver, CO 80202
        (303) 802-5390
        laura@wolfguevara.com
        jm@wolfguevara.com

        Ascend Counsel, LLC
        *s/ E. Milo Schwab*
        Edward Milo Schwab
        3000 Lawrence Street
        Denver, CO 80205
        (303) 888-4407
        milo@ascendcounsel.co

        Help In Colorado, Ross Ziev, P.C.
        *s/ Ross Ziev*
        Ross Ziev
        6795 E Tennessee Ave Ste. 210
        Denver, CO 80224
        (303) 351-2567
        ross@helpincolorado.com

        Attorneys for Plaintiffs

---

[2] Plaintiffs believe that many officers engaging in force during the protests did not comply with the BWC policy. Defendant's position was that if such a violation took place, those officers would be disciplined. However, discipline does not adequately undo the harm of losing the evidence of the recording such that Plaintiffs are committed to finding a compromise that would allow for continuous recording of BWCs without them running out of battery.