IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-01616-RBJ

AGAZI ABAY,
GABRIEL THORN,
AMY SCHNEIDER, and
MICHAEL McDANIEL

      Plaintiffs,
v.

CITY OF DENVER,

      Defendant.

## ORDER ON PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

The Court issued as temporary restraining order on June 5, 2020.  ECF No. 16.  At the defendant's request, the Court modified the temporary restraining order to substitute Lieutenant for Captain on June 6, 2020.  ECF No. 21.  Absent a specific expiration date, temporary restraining orders may not exceed 14 days unless the Court, for  good cause, extends it.  *See* Fed. R. Civ. P. 65(b)(2).

On June 16, 2020 plaintiffs filed a motion for an extension of the temporary restraining order, the primary focus of which was the upcoming Juneteenth celebration on June 19, 2020. The primary focus of the motion to modify the temporary restraining order was plaintiffs' desire to have a mechanism by which they could monitor defendant's compliance with the order.  The focus of plaintiffs' desire to convert the order into a preliminary injunction was to extend the order through anticipated future public demonstrations until a permanent injunction hearing could be held.  *See* ECF Nos. 25-27.  The defendant filed responses.  ECF No. 28.

1

On June 17, 2020 the Court denied plaintiffs' motions in a minute order which stated,

> The Court will not consider further relief until counsel certify that they have conferred, in person or by telephone, and that they have attempted in good faith to reach a stipulated order that reasonably assures that peaceful protesters in the future will be protected against inappropriate police response and that reasonably assures that police officers will be able to take reasonable actions to protect themselves, the public, and property. Further, the Court will not entertain any "emergency" motion that is based on speculation as opposed to hard evidence of misconduct. The parties, if they set aside the extremes on both sides, should be able to reach an agreement that accomplishes mutually desired goals. If the parties, despite their respective statements that they have similar goals, cannot reach an agreement, then they may submit their respective proposed orders, and the Court will likely enter the order or a version of it that is the most reasonable.

ECF No. 29.

It is now late in the afternoon of June 19, 2020.  Until minutes ago the Court had heard only from the plaintiffs.  In their "notice," filed on June 18, 2020, plaintiffs summarized several exchanges of emails with the defendant but, at least at that time, very little conferring, despite my explicit direction that counsel confer in person or by telephone.  *See* ECF Nos. 32 and 32-1.  The parties did not appear at that time to be able to reach a stipulation of any kind.

The Court has now been informed of a stipulation that Denver police officers (1) will not discharge Kinetic Impact Projectiles or other non- or less-lethal projectiles in a manner that targets the head, pelvis, or back or indiscriminately into a crowd; (2) will not use chemical agents or irritants, including pepper spray, prior to issuing an order to disperse in a sufficient manner to ensure that the order is heard, followed by sufficient time and space to allow compliance with the order; and (3) officers deployed to or engaged in demonstrations must have their body-worn cameras recording any and all acts of confrontation between police officers and others.  I appreciate the parties' agreement on these items and adopt them as an order of the Court.

However, there still are disputes in other areas, and the evening of the Juneteenth holiday is upon us.  There is not time to hold an evidentiary hearing to resolve the remaining disputes.

3

Accordingly, the Court *sua sponte* extends its temporary restraining order for one week to June 26, 2020, with the proviso that, as to any part of the temporary restraining order that is inconsistent with the points on which the parties have agreed, the parties' agreement will prevail. The Court will not further extend the temporary restraining order or issue a preliminary injunction without an agreement of the parties on all disputed issues or an evidentiary hearing.

DATED this 19th day of June, 2020, at 4:57 p.m.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge