# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1616-RBJ

AGAZI ABAY,
GABRIEL THORN,
AMY SCHNEIDER, and
MICHAEL McDANIEL, on behalf of themselves
    and other similarly situated individuals,

        Plaintiffs,

v.

CITY AND COUNTY OF DENVER,

        Defendant.

---

## DECLARATION OF DIKRAN KUSHDILIAN

---

I, Dikran Kushdilian, declare the following based upon my personal knowledge:

1.     I have been employed by the Denver Police Department ("DPD") since January 1995 and currently hold the position of Manager of the DPD Civil Liability Bureau ("CLB"). In that capacity, I am the custodian of records for the DPD and the CLB is responsible for obtaining and producing DPD records in response to subpoenas duces tecum served on DPD, requests for information submitted by the public pursuant to the Colorado Open Records Act and the Colorado Criminal Justice Records Act and requests received internally from other City agencies, such as the Denver City Attorney's Office to comply with disclosure and discovery obligations. The CLB currently employs four paralegals to assist with gathering and production of documents and in my capacity as Manager, I am responsible for supervising all employees in the CLB ensuring that all

**Exhibit 7**

duties are properly carried out, including ensuring that complete and accurate copies of DPD records are provided in response to requests.

2.     Before producing any documents, including video or other records in response to an external request, I am responsible for ensuring that the response complies with applicable law, meaning that certain information may need to be withheld or appropriately redacted. For example, any potential evidence in a pending criminal case—including information relating to the District Attorney's review of an officer's use of force to determine whether criminal charge will be filed—cannot be released before the consent of the District Attorney's Office has made its determination. Further, to the extent that an internal investigation is being conducted into the conduct of one or more DPD officers, video may not be released prior to the subject officers providing statements, because officers are not permitted to review their Body Worn Cameras ("BWC") video or other video prior to making their statements and releasing video publicly prior to obtaining officer statements could compromise the integrity of the investigation.

3.     Colorado law, and accordingly CLB's procedures, also require that any records, including video, be thoroughly reviewed and appropriately redacted, if necessary, to protect confidential information and privacy interests, such as personally identifying information and the identity of any juveniles who may be mentioned or depicted. This process requires a manual review of each and every written document and video before it may be produced. This is extremely time consuming, especially when videos are involved as the videos must be watched from beginning to end, in real-time. In circumstances where more than one video is part of the request and each video is an hour or longer—such as during the protest activities—it could take several days to complete the necessary review process, even if my entire staff was solely tasked with this

**Exhibit 7**

responsibility, which of course, they would be unable to do as the CLB would then be unable to respond to other requests pursuant to legal requirements.

4.	Additionally, after the video from a BWC is uploaded, the video must be tied into a CAD number or General Offense Report so that it can be located and produced. The BWC cannot be located without this information. Therefore, when there are a large number of BWC videos related to a specific incident, it takes time to identify the video and connect it to the CAD or General Offense Report, especially when the officers are not at a stationary position—*e.g.*, when officers respond to a call at a specific address—but rather are constantly moving, as often occurs during protest activities. Under such circumstances, it may take several days to identify the officers and connect the uploaded BWC videos to the CAD or General Offense Report and until that occurs, the video cannot be located.

5.	The CLB is responsible for approximately 10,000 requests for information per year; approximately 10 subpoenas *duces tecum* per month for suits in which Denver is not a party; all records requests from the City Attorney's Office for discovery in their civil matters and the City's Risk Management Office for pursuing subrogation and restitution claims; along with other miscellaneous research-related requests from outside law enforcement agencies. CLB's five staff members are at full capacity. In the wake of the recent protests and demonstrations, the number of records requests has greatly increased. For the past several weeks, the Denver Police Department has received roughly double the number of requests for DPD video than were received prior to this time.

6.	I have been informed that Plaintiffs have previously asked the Court to order Denver to notify Plaintiffs' counsel of any use of chemical agents, irritants or KIPs in downtown

**Exhibit 7**

Denver and the surrounding areas within 24 hours of such use; to provide body camera footage from all officers present for such use of force within 72 hours; and to provide all reports that were generated from the incident, including from the supervisor who authorized such force under the terms of the preliminary injunction, within 72 hours. CLB could not reasonably comply with such an order for the reasons stated above.

7.　　　Exhibits 4 and 5 are true copies of body-worn camera footage from Corporal John Sampson and Officer Joseph Stadler from the night of May 29, 2020. I note that the time stamp on the video footage in Exhibits 4 and 5 appears to be 6 hours ahead of the events that the footage depicts; however, I checked the audit trail generated by the officers' body-worn cameras and the audit trail confirms the correct date and time to be May 29 at approximately 2030 hours.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on:

06-25-2020
Date

Dik Kushdilian
Manager, Civil Liabilities Bureau
Denver Police Department

**Exhibit 7**