IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-01616-RBJ

AGAZI ABAY,
GABRIEL THORN,
AMY SCHNEIDER, and
MICHAEL McDANIEL,

  Plaintiffs,

v.

CITY OF DENVER,

  Defendant.

---

## ORDER APPROVING STIPULATION

---

On June 5, 2020, following a review of briefs and a hearing, the Court issued a temporary restraining order concerning the use of chemical agents and projectiles by the Denver Police Department and police officers from other local jurisdictions who were recruited to assist Denver officers in responding to demonstrations and protests following George Floyd's death in Minneapolis.  The order was based on acts that took place beginning on May 28, 2020 and continuing in the immediately following days.  ECF No. 10.

On June 6, 2020, the Court modified the temporary restraining order to expand the category of officers who may authorize the use of the otherwise prohibited force to include lieutenants.  ECF No. 21.

On June 19, 2020, following the submission of further materials by the parties, the Court extended the temporary restraining order to June 26, 2020, modifying the terms slightly to reflect the agreement of the parties on certain issues.  ECF No. 35.  Also, on June 19, 2020 Governor Polis signed the Law Enforcement Integrity Act (SB-217) into law.  This law, adopted by the General

1

Assembly in the aftermath of some of the same activities that the Court had addressed in its

temporary restraining order, imposes new conditions on the use of chemical agents and projectiles,

among other measures.  It has been reported that the new law has gained the support of a number of

police chiefs, prosecutors, and sheriffs.

On June 25, 2020 the Court held a videoconference preliminary injunction hearing,

receiving testimony from three experienced Denver Police Officers (a Commander, a Lieutenant,

and a Sergeant) who were involved in the police response to the recent protests.  The Court also

received testimony from four individuals who participated as protesters in demonstrations on May

29, 30, 31 and 30 and a later date, although for technical reasons the video testimony of one of

those witnesses was abbreviated.  The Court also admitted certain exhibits, including videos from

the protests, and heard the arguments of counsel.

By the conclusion of the hearing it had become apparent to the Court that the enactment of

the Law Enforcement Integrity Act was viewed by the parties, as well as the Court, as having

significantly changed the landscape, and that the parties were in agreement, or close to agreement,

on certain other issues as well.  The Court requested that the parties attempt to reach a stipulation

on these other issues.  This morning, June 26, 2020 the parties tendered the stipulation that they had

worked out overnight.  ECF No. 40.

The Court approves the parties' stipulation.  In view of the Law Enforcement Integrity Act,

to which the parties refer in the stipulation, and the other terms of the stipulation, the Court will not

further extend the temporary restraining order or enter a preliminary injunction at this time.  The

Court retains jurisdiction to consider any future request by the plaintiffs or the defendant that might

be viewed as necessary and appropriate.  The Court appreciates the efforts of the parties and

lawyers on both sides that resulted in the stipulation.

DATED this 26th day of June, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge