## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:20-cv-1616-RBJ

AGAZI ABAY, GABRIEL THORN,
AMY SCHNEIDER, and MICHAL McDANIEL,
On behalf of themselves and other similarly
situated individuals,

      **Plaintiffs,**

V

CITY AND COUNTY OF DENVER,

      **Defendant.**

---

### MOTION FOR ORDER TO SHOW CAUSE

---

Plaintiffs Agazi Abay, Gabriel Thorn, Amy Schneider, and Michael McDaniel, on behalf of themselves and a class of individuals similarly situated through undersigned Counsel, hereby move this Court to Issue an Order to Show Cause and state in support as follows:

### CONFERRAL

Plaintiffs conferred with the Defendant through email and phone regarding this issue several times between June 24, 2020 and today. Defendant opposes the relief requested herein, responding to Plaintiffs' requests for explanation of officer behavior and apparent violations of the Court-approved Stipulation with "you should seek [relief from the Court] and we will respond in that forum."

### MOTION

1. Plaintiffs and Defendant entered into a Stipulation, later approved by this Court, which places several requirements on the City of Denver, including that:

    a. "the Denver Police Department and any person acting on behalf of DPD shall not … discharge Kinetic Impact Projectiles and all other non- or less-lethal projectiles in a manner that targets the head, pelvis, or back;"

    b. "DPD will not use chemical agents or KIPs unless … in response to specific acts of violence or destruction of property that the Sergeant has personally witnessed or learned about from a fellow officer, absent exigent circumstances;" and

    c. "All officers deployed to the demonstrations or engaged in the demonstrations must have their body-worn cameras recording any and all acts of confrontation between police officers and others."

2. On two separate occasions over the past several weeks, Denver Police officers have violated these terms.

3. This is what a body-worn camera looks like:





4. On July 1, 2020, Denver Police officers responded to a small protest in Civic Center Park in downtown Denver. At least three (3) officers responded without wearing a body camera as required by this Court.

5. Exhibits 1, 2, and 3, attached to these pleadings and shown below, show three separate officers without any body camera.



*Exhibit 1*



*Exhibit 2*



*Exhibit 3*

6. As shown in Exhibit 4, the videographer even calls out to the Sergeant on duty that these three officers are not wearing body cameras. The Sergeant looks away when confronted. Viewable also at www.ascendcounsel.co/exhibit4.

7. Unfortunately, July 1 was not the only act of noncompliance with the terms of the Court-Approved Stipulation.

8. On the afternoon of July 19, 2020, a larger demonstration in Civic Center Park occurred. At least 6 officers confronting demonstrators were not wearing the required body cameras.

9. Exhibits 5, 6, 7, and 8, attached to this pleading and below show four such officers at the July 19 demonstration without any body camera. Exhibits 9 and 10, attached, show two additional officers without a body-worn camera.



*Exhibit 5*



*Exhibit 6*



*Exhibit 7*



*Exhibit 8*

10. Plaintiffs are unsure if these represent all of the officers present at each of these demonstrations without body-worn cameras, but these nine officers represent nine separate violations of the Court-approved stipulation and spoliation of evidence.

11. But this failure to comply with the simplest requirement of the stipulation has not been Denver's only failure of compliance.

12. On July 19, 2020, one officer pepper sprayed approximately fifteen protesters without any preceding act of violence or property destruction as required by the Stipulation.

13. Exhibit 11 provides one vantage point of the officer's assault of protesters.

    Viewable also at www.ascendcounsel.co/exhibit11.

14. Exhibit 12 provides a different vantage point for this same assault.

    Viewable also at www.ascendcounsel.co/exhibit12.

15. Given how quickly this interaction occurred, counsel for Plaintiffs have also prepared a frame by frame exhibit to show the sequence of events in Exhibit 12. *See Exhibit 13*.

16. As Exhibits 12 and 13 show, it appears that a young man is in the walking path of an officer. The officer responds by throwing this demonstrator to the ground and then proceeding to pepper spray anyone within striking distance.

17. As is shown in Exhibit 13, after pepper spraying people in a 270 degree area, the officer then starts running after protesters who are retreating or were never near the officer when his attack began.









18. Additionally, Plaintiffs are providing three additional exhibits, each showing the officer's

attacks on three demonstrators.

19. In Exhibit 14, we see the chain of events wherein this officer runs down a demonstrator who was a bystander to the entire event. The following picture depicts the assault.



20. As Exhibit 15 shows, yet another bystander is chased down and pepper sprayed for no apparent reason. As with Exhibit 14, there is no act of provocation - indeed these two individuals are at least 15 feet away from the officer and are simply marching.

21. Exhibit 16 shows an individual with a camera. As the city has done before, this person is attacked for attempting to document the officer's behavior.

22. This officer attacked many demonstrators without any specific act of violence or destruction of property, and certainly without an act of violence or property destruction by each and every individual this officer attacked with chemical agents.

23. On July 1, 2020, Denver officers formed a line and approached a small group of protesters whose primary purpose was to provide medical assistance to Denver's

homeless population and to protesters who were subject to police violence. These

demonstrators also had a message against police racism and police violence.

24. The video of the entire encounter, attached as Exhibit 17 is inconclusive as to whether

Denver Police used force in compliance with or in violation of the Court-Approved

Stipulation. Per news reports, the Denver Police claim that rocks were thrown at them,

though the video does not depict any such action.

Viewable also at www.ascendcounsel.co/exhibit17.

25. What is evident is that Denver Police were targeting heads with pepper ball bullets.

26. In Exhibit 18, one protester's face is completely painted with pepper ball residue and he

is bleeding from the mouth.



*Exhibit 18*

27. In Exhibit 19, we see a second protester who was hit in the neck with a pepper ball.



*Exhibit 19*

28. Denver has repeatedly failed to comply with the Court-Approved Stipulation.

29. Denver has failed to ensure that officers are wearing body-worn cameras to document and record all acts of confrontation.

30. Denver has failed to ensure that protesters are free from unprovoked attacks from officers using chemical agents.

31. And Denver has failed to ensure that its officers are not targeting protesters' heads and groins

32. Each of these failures are separate violations of the stipulation Denver entered into.

33. Taken together, these two incidents alone show more than twenty separate violations.

34. Plaintiffs have made efforts to work with the City of Denver to bring it into compliance.

Denver refused to even acknowledge that its officers failed to wear the required cameras.

Denver's response was that it would only discuss these issues in the forum of a Court.

WHEREFORE, Plaintiffs respectfully request the Court to forthwith issue the City and County

of Denver a Show Cause Order to explain why its conduct is not in repeated violation of the

Court-Approved Stipulation.

Respectfully submitted this 27th day of July, 2020.

Ascend Counsel, LLC
s/ E. Milo Schwab
Edward Milo Schwab
Ascend Counsel, LLC
3000 Lawrence Street
Denver, CO 80205
(303) 888-4407
milo@ascendcounsel.co

Help In Colorado, Ross Ziev, P.C.
s/ Ross Ziev
Ross Ziev
6795 E Tennessee Ave Ste. 210
Denver, CO 80224
(303) 351-2567
ross@helpincolorado.com

Attorneys for Plaintiffs